UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| RICHARD CHILDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:21-285-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | **MEMORANDUM OPINION** |
| ACTING COMMISSIONER | ) | **AND ORDER** |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

** ** ** ** **

This matter is before the Court on the Plaintiff's Motion for Judgment on the Pleadings (DE 14) and the Defendant's Motion for Summary Judgment (DE 18). The plaintiff, Richard Childers, brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief on the denial of his claim for Social Security Disability Insurance Benefits (DE 1). The Court, having reviewed the record and having considered the arguments raised herein, **grants** the Plaintiff's motion, insofar as remand is proper, **denies** the Defendant's motion, and **vacates** the Commissioner's decision denying Plaintiff the award of disability benefits.

The Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). To determine whether a claimant has a compensable

disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1),(4). In sum, these steps are as follows:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers,* 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d

469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity ... and vocational profile." *Id.* (internal citations omitted); 20 C.F.R. § 404.1520(g)(1).

In this case, proceeding with step one, the ALJ determined that Richard Childers ("Childers") did not engage in substantial gainful activity since the alleged onset date of August 1, 2018. (Administrative Record ("AR") at 17 ¶ 2).

At step two, the ALJ determined that Childers had the following severe impairments: (1) chronic obstructive pulmonary disease ("COPD"); and (2) essential hypertension. The ALJ also listed "obesity" as a nonsevere impairment. (AR at 18, ¶ 3).

At step three, the ALJ found that Childers did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR pt. 404, subpt. P, app. 1 (the Listings). (*Id.*, ¶ 4)

Before proceeding to step four, the ALJ determined that Childers had the residual functional capacity (RFC) to perform a limited range of "light" work, finding that:

> He can occasionally lift or carry 20 pounds and frequently lift or carry ten pounds. [He] can sit for six hours in an eight-hour workday with normal breaks; he can stand or walk for six hours in an eight-hour workday, but for no more than

> 30 minutes at a time. [He] can push or pull equal
> to the amount that he can lift and carry. He can
> occasionally climb ladders, ropes, and
> scaffolds. [He] can frequently climb ramps and
> stairs. He should avoid concentrated exposure to
> (a) extreme cold; (b) extreme heat; (c) wetness
> or humidity; and, (d) environmental irritants
> such as fumes, odors, dusts, gases, poorly
> ventilated areas, and chemicals.

(AR. at 18-19, ¶ 5).

The ALJ determined that Childers does have the RFC to perform the requirements of his past relevant work, crane operations, as the kind of work entailed is not precluded by his limitations. (*Id*. at 20-22, ¶ 6). Thus, the claimant is not disabled and has not been disabled from August 1, 2018 through the date of the ALJ's decision, January 4, 2021. (*Id*., ¶ 7).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Childers's request for review. (*Id*. at 1-3, 9-10); *see* 20 C.F.R. § 422.210(a). Childers has exhausted his administrative remedies and filed a timely appeal in this Court. The parties have now filed separate dispositive motions, and this case is now ripe for review.

Childers argues that the ALJ erred in two ways. First, he argues that the ALJ's RFC failed to properly address his subjective complaints; and second, that the ALJ did not adequately rely on prior administrative medical findings as part of his RFC assessment. (DE 14-2 at 3, 11-18).

Under the Social Security Act, the Court conducts a limited

review of the Commissioner's decision. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id.*; *see also Rabbers*, 582 F.3d at 651. Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

In assessing the ALJ's decision, the Court cannot "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.; Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision is supported by substantial evidence, the Court must affirm that decision even if there is substantial evidence in the record that supports an opposite conclusion. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

Childers's arguments pertain to the ALJ's allegedly poor assessment of his RFC. RFC is an administrative finding of an individual's ability to perform work-related activities, and establishing the claimant's RFC is a decision reserved for the Commissioner. *See* 20 C.F.R. § 404.1545(a); SSR 96-5p: Titles II and XVI. The Commissioner's assessment is based upon all of the

relevant medical evidence and other evidence in the record, including the claimant's testimony. 20 C.F.R. § 404.1545(a)(3).

As an initial matter, the Court considers whether the ALJ properly addressed his subjective complaints. ALJs use a two-part analysis in evaluating complaints of disabling symptoms: (1) the ALJ will determine whether there is an underlying, medically determinable, physical impairment or mental impairment that could reasonably be expected to produce the claimant's symptoms; and (2) if the ALJ finds that such an impairment exists, he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. 20 C.F.R. § 404.1529; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). In evaluating a claimant's severity of symptoms, relevant factors include: (i) the individual's daily activities; (ii) the location, duration, frequency, and intensity of the pain; (iii) factors that precipitate and aggravate symptoms; (iv) the type, dosage, effectiveness, and side effects of medication; (v) the treatment the individual receives or has received for relief; (vi) any other measures the individual has used to relieve pain; and (vii) any other factors concerning the individual's functional limitations. 20 C.F.R. § 404.1529(c)(3)(i)-(vii). The ALJ's decision need not contain discussion and citations as to every possible factor to be sufficiently specific. *See Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 664 (6th Cir. 2004). Since factual

determinations are the domain of the ALJ, "[a]s long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, [the Court is] not to second-guess." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

"Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are **not** supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints based on a consideration of the entire case record," including medical signs and laboratory findings, the claimant's own complaints of symptoms, any information provided by treating physicians and others, statements by persons familiar with how the claimant's symptoms may affect her daily life, and any other relevant evidence contained in the record. *Rogers*, 486 F.3d at 247 (emphasis added); 20 C.F.R. § 404.1529(c)(4). An ALJ is required to evaluate the claimant's symptoms and diminish her capacity for basic work activities *to the extent that* her alleged functional limitations and restrictions due to her symptoms can reasonably be accepted as consistent with the objective medical and other evidence. 20 C.F.R. § 404.1529. Courts generally must defer to an ALJ's credibility determination because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Duncan v. Secretary of HHS*, 801 F.2d 847, 852 (6th Cir.1986) (quoting *Kirk v. Secretary of HHS*, 667

F.2d 524, 535 (6th Cir.1981), *cert. denied*, 461 U.S. 957 (1983)).

Here, Childers argues that the ALJ "seems to make a credibility determination" about his symptoms but that he did not sufficiently address Plaintiff's subjective complaints, nor any reason why the ALJ chose to "discredit[]" them. (DE 14-2 at 12, 14). In other words, no credibility findings were actually made. (*Id*. at 14). Childers contends that the ALJ failed to reference, or even consider, his testimony at the December 9, 2020 hearing in making his determination.[1]

The ALJ, in making the finding that Childers has the RFC to perform a limited range of light work with certain limitations, stated that this decision comes after carefully considering the whole record, including Childers's "symptoms and the extent to which [his] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (AR at 19; 20 C.F.R. § 404.1529). Ultimately, it was this medical evidence that did not support Childers's allegations (or that of his wife's) that he is "severely restricted" to engaging in physical activity due to emphysema and COPD.

It is unclear why Childers believes that some of the testimony referenced in his brief, even if not expressly discussed or

---

[1] As an initial matter, the Court notes that the majority of case law that Plaintiff cites to in his memorandum of law is not Sixth Circuit law, and thus, is only persuasive authority to this Court.

summarized in the decision, would have impacted the ALJ's findings. The ALJ discussed and cited to Childers's allegations of limitations when engaging in everyday activities (*i.e.*, lifting, squatting, bending, walking, kneeling, stair-climbing, and use of hands (*see* AR at 182, 191)), to which both he and his wife described in the function reports that were completed as part of the earlier proceedings. Childers's alleged disabling limitations comported with the testimony given at the hearing before the ALJ (*id.* at 39-42). There is no argument that any of Childers's testimonial allegations differed (if at all) from those contained in those function reports.[2]

The ALJ discounted Childers's complaints because he found them to be in conflict with the medical evidence in his record. But, in review, the Court finds that the ALJ appropriately considered the inconsistencies between Childers's subjective allegations and the evidence cited to when discounting the allegations concerning the severity of his alleged impairments. Several examinations have described Childers's lungs as clear. (*Id.* at 261, 264, 271, 283, 294, 308, 319, 326). His records also

---

[2] Childers spends a lengthy portion of this section dissecting every word the ALJ uses in his opinion, harshly calculating and discerning that Childers's subjective complaints were not considered in making his determination just because the ALJ did not explicitly summarize Childers's hearing testimony or state clearly that these were the statements he had considered in making his RFC finding.

revealed no acute distress and generally normal gait and coordination. (*Id.* at 261, 264, 271, 282-83, 294, 308, 311, 319, 322, 326). Childers reported first smoking cigarettes at the age of 12 or 13. (*Id.* at 43). As part of his treatment plan, doctors cautioned him to begin making critical lifestyle changes, which included increasing physical exercise and losing weight, altering his diet, and quitting smoking. (*Id.*, at 263, 270, 275, 282, 296, 310, 319-20, 326). The ALJ took all of the above into consideration when fashioning Childers's RFC.

> "An ALJ need not discuss every piece of evidence in the record for [the ALJ's] decision to stand." *Thacker v. Comm'r of Soc. Sec.*, 99 Fed. App'x 661, 665 (6th Cir. 2004); *see also Loral Def. Sys.-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make 'explicit credibility findings' as to each bit of conflicting testimony, so long as his factual findings as a whole show that he 'implicitly resolve[d]' such conflicts.") (citation omitted). … The ALJ's decision may stand even though he did not expressly reference every piece of evidence in the record.

*Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 195-196 (6th Cir. 2020).

Given the high level of deference owed to an ALJ's findings with respect to the evaluation of a claimant's alleged symptoms and resulting limitations, under the circumstances presented herein and in conjunction with the Court's own review of the

objective evidence, the Court concludes that the ALJ's credibility analysis was not deficient.

Childers also faults the ALJ for failing to properly evaluate the medical opinion evidence under 20 C.F.R. § 404.1520c, which requires the evidence to be evaluated for supportability and consistency. (DE 14-2 at 3, 11). The Commissioner concedes that the ALJ did not "expressly discuss" the supportability factor, but that consistency was, indeed, discussed, and that remand is still not warranted. (DE 18 at 8).

Because Childers filed his applications after March 27, 2017, his claim is governed by the SSA revised regulations. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Under the revised regulations, an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [a claimant's] medical sources." *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). An ALJ is to evaluate medical opinions and prior administrative medical findings by evaluating their "persuasiveness." *Id.* In determining how "persuasive" a medical source's opinions are, an ALJ must consider the following factors: supportability, consistency, treatment or examining relationship, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1) (5). Supportability and consistency are "the most

important factors." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Contrary to Childers's belief, however, the ALJ is *not* required to specifically use the terms "supportability" or "consistency" in his analysis. *Hardy v. Comm'r of Soc. Sec.*, 2021 WL 4059310, at *2 (S.D. Ohio Sept. 7, 2021).

The Court recognizes that its role in reviewing a final decision of the Commissioner is limited. That said, the Court agrees with the Childers that the regulations require more. Section 404.1520c plainly imposes an articulation requirement on ALJs reviewing medical opinions. Not only must an ALJ consider the five factors set forth in the regulation, the ALJ must—at a minimum—explain his or her consideration of the supportability and consistency factors. *See Dany Z. v. Saul*, 531 F. Supp. 3d 871, 883-84 (D. Vt. 2021) (explaining that failure to "explicitly discuss the supportability and consistency of medical opinions" can result in remand). This, the ALJ did not do, and even the Commissioner agrees that the ALJ could have done better.

The regulations make it "unquestionably clear that an ALJ must set forth a minimum level of articulation as to how he considered the supportability and consistency factors." *Miles v. Comm'r of Soc. Sec.*, 2021 WL 4905438, at *3 (S.D. Ohio Oct. 21, 2021) (internal quotation marks omitted). When the Court is unable to follow the ALJ's logic, error has occurred. *See, e.g., Jacob*

*B. v. Comm'r of Soc. Sec.*, 2022 WL 130761, at *8 (S.D. Ohio Jan. 14, 2022) ("In the absence of a sufficient explanation of supportability ... the Court cannot conclude that the ALJ's consideration of [the medical] opinion is supported by substantial evidence").

Accordingly, for the reasons stated above, IT IS HEREIN ORDERED that:

(1)  The above-styled action be, and the same hereby is, **REMANDED** to the Commissioner for further proceedings consistent herewith.

(2)  Defendant's motions for summary judgment (DE 18) is **DENIED** without prejudice.

(3)  Plaintiff's motion for judgment on the pleadings is **GRANTED** (DE 14) insofar as the matter is remanded for further proceedings.

 This the 12th day of July, 2022.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge